IN THE MATTER OF MARY A. MAUGER.

*Assessment — when it will be vacated because an arbitrary price was fixed for a portion of the work to be done — power of the legislature to cure irregularities in assessments.*

APPEAL from an order made at Special Term vacating an assessment.

The court at General Term said: " This appeal is from an order vacating an assessment for constructing an outlet sewer in One Hundred and Eighth street, on the ground that the contract, although let to the lowest bidder, in fact, did not submit ' rock excavation' to be bidden for. For the purpose of preventing fraud in the bidding, the department fixed a price upon ' rock excavation,' at which · each bidder for the construction of the sewer was required to accept the same. According to the decisions, this was not a compliance with the statute, and renders the assessment void. (See *Matter of Mahan*, affirmed by the Court of Appeals, and *In re Manhattan Savings Institution*, MS. opinion of the Court of Appeals.) Upon the principle of *stare decisis*, this question is no longer an open one.

" It is insisted on the part of the appellant that the contract under which this sewer was constructed was made valid by chapter 556 of the Laws of 1880. But that act does not go far enough to declare the assessment valid, and authorize its enforcement by the city.

" It has already been held by the Court of Appeals that a contract of this character, though void for the purpose of vacating assessments for the improvements made under them, because of the failure of the city officials to comply with the requirements of the law, is nevertheless valid against a city for the purpose of a recovery upon the contract.

" The legislature undoubtedly have power in these cases to authorize an assessment to be made of the cost of sewers and of similar work upon the property benefited, and the illegality of the assessment already made in nowise prevents or affects the exercise of that power. (*Guilford* v. *Chenango*, 3 Kern., 143; *Howell* v. *City of Buffalo*, 37 N. Y., 267.) There is neither justice nor right in per-

mitting the owners benefited by such improvements to cast the whole burden of their expense upon the city treasury, and enjoy the use of them without any contribution toward their construction. It is certainly to be hoped that the legislature will speedily intervene by proper remedial legislation, to enable the city to compel the property benefited by public improvements and which has escaped its fair share of their cost by the invalidity of the assessments already made, to bear its proportion of public burdens through the imposition of new assessments. But the act of 1880 does not go far enough to produce that very just and equitable result."

*W. C. Whitney*, for the appellant.

*A. B. Johnson*, for the respondent.

Opinion by Davis, P. J.; Barrett, J., concurred; Brady, J., concurred in the result.

Order affirmed, with ten dollars costs and disbursements.